## BORDERS PURE MILK CO., Inc. v. NELSON DISTRIBUTING CO.

Court of Appeals of Kentucky.
March 14, 1952.

Finley F. Gibson, Jr., Louisville, Geo. J. Ellis, Jr., Glasgow, for appellant.

Richard L. Garnett, Glasgow, for appellee.

CLAY, Commissioner.

Appellee recovered $900 for damage done its truck in a collision or near collision with a truck of appellant. On this appeal the latter claims that the verdict was flagrantly against the evidence and that the instruction on speed was erroneous.

The accident happened when, as appellee's evidence proved, appellant's truck undertook to pass a jeep on a three lane highway and struck the left rear fender of appellee's truck which was approaching from the opposite direction. This slight collision caused little damage, but appellee's truck ran off the road and was wrecked. Its driver testified that he was forced off the road by appellant's truck.

Appellant's driver denied that he collided with appellee's truck. However, there was ample evidence to justify a jury finding that appellant's driver operated his vehicle in such a negligent manner as to actually strike appellee's truck, or if not, to place appellee's driver in such danger that he was forced off the road. Appellant's first contention is therefore without merit.

The next contention is that the court failed to instruct the jury that the operation of appellee's truck at a speed greater than 40 miles an hour was prima facie evidence of unreasonable and improper driving. The instruction on this point was defective, apparently due to inadvertence or typographical error. However, the nature of this accident was such that the speed of appellee's vehicle could not have been a proximate cause of it. For this reason the defective instruction on an immaterial issue was not prejudicial.

The judgment is affirmed.